IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NORMA E. LOPEZ, | ) | 4:08CV3091 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, and STATE | ) | |
| OF NEBRASKA, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Respondents' Motion for Summary Judgment. (Filing No. 10.) As set forth below, the Motion is denied without prejudice.

On March 25, 1994, Norma E. Lopez ("Lopez") had a party.[1] Lopez got so drunk that she urinated on herself. She later admitted to her neighbor that she shot and killed Sotero Gandarilla after he told her that "she was not . . . the woman for [him]." She also told the police that "I shot him for no goddamn reason. Just for . . . being drunk and stupid, I know." *Lopez I*, 544 N.W.2d at 850.

Following a jury trial, Lopez was convicted of murder in the first degree and use of a weapon in the commission of a felony. She was sentenced to life in prison for the murder and 10 to 15 years in prison on the weapons charge. The Nebraska Supreme Court affirmed her conviction in an opinion dated March 15, 1996. The mandate was issued on March 26, 1996. (Filing No. 9-2, Attach. 1, at CM/ECF p. 2.) She did not file a motion for state post-conviction relief until April 1, 2003. (Filing No. 9-5, Attach. 4, at CM/ECF p. 1.)

---

[1]The details are set forth in *State v. Lopez*, 544 N.W.2d 845 (Neb. 1996) (*Lopez I*) and *State v. Lopez*, 743 N.W.2d 351 (Neb. 2008) (*Lopez II*).

Respondents move for summary judgment on the Petition for Writ of Habeas Corpus claiming that it is untimely. While the statute of limitations apparently ran out on April 24, 1997[2], about eleven years before the Petition for Writ of Habeas Corpus was filed, Lopez claims (filing nos. 15, 20, and 21) that she was illiterate during the relevant time frame and that the prison authorities failed to provide her with legal assistance while she was illiterate. Thus, she claims that her tardy filing should be excused.

The record is presently insufficient to determine whether the statute of limitations should be tolled due to Petitioner's alleged illiteracy (and, if so, for how long) and whether Nebraska created an impediment to the filing of a prompt federal habeas corpus petition by failing to provide illiterate inmates with legal assistance.[3] Therefore, the Motion for Summary Judgment will be denied without prejudice to reconsideration of the statute of limitations issue following the filing of an answer and full briefing on all issues.

IT IS THEREFORE ORDERED that:

1.      The Motion for Summary Judgment (filing no. 10) is denied without prejudice to reconsideration of the statute of limitations issue after full briefing.

---

[2]Remembering that the direct appeal in Petitioner's case was final on March 26, 1996, the "time before the effective date of AEDPA, April 24, 1996, is not counted in computing the one-year period of limitation." *Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000). "Prisoners [like Lopez] whose judgment of conviction became final before the effective date of AEDPA are given a one-year period after that date, or until April 24, 1997, plus any additional periods during which the statute is tolled." *Id.* Thus, the time expired for Lopez on April 24, 1997, unless something else tolled the statute.

[3]This deficiency might be remedied by Respondents through the submission of detailed affidavits from prison authorities addressing Lopez's claims of illiteracy and lack of trained legal assistance.

2.      Construed as a Motion, the "Plaintiffs [sic] Opposition to Motion for Summary Judgment" (filing no. 15) is denied.

3.      Respondents shall file an answer and separate brief <u>no later than January 5, 2009</u>. The following procedures shall then be followed by Respondents and Petitioner:

A.      Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition.   *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

B.      The answer shall be supported by all state court records which are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

C.      Copies of the answer, the designation, and brief shall be served upon Petitioner except that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in the brief.  In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.     <u>No later than February 5, 2009</u>, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

E.     <u>No later than March 5, 2009</u>, Respondents shall file and serve a reply brief.

4.     No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

November 25, 2008.               BY THE COURT:

                                          s/ Joseph F. Bataillon
                                          Chief United States District Judge